UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MERCY-NORA OSEI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. _____ |
| BURTALOO, LLC | ) | |
| | ) | |
| Serve: | ) | JURY TRIAL DEMAND |
| Robert P. Oliver | ) | |
| 21841 Regents Park Circle | ) | |
| Sterling, Virginia 20166 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Mercy-Nora Osei ("Ms. Osei"), by counsel, submits this Complaint against Defendant Burtaloo, LLC ("Defendant" or "CFA"), operator of Chick-Fil-A @ Fairfax Circle in Fairfax, Virginia, and alleges as follows:

## INTRODUCTION

1. Ms. Osei is a qualified individual with a disability who uses a service dog to allow her to navigate the world.

2. This case arises out of CFA's denial of public accommodations to Ms. Osei.

3. In direct violation of the Americans with Disabilities Act and the Virginia Human Rights Act, CFA demanded that Ms. Osei leave its location because Ms. Osei entered the store with her service animal.

## NATURE OF ACTION

4. This is an action for damages, declaratory, and injunctive relief under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. (hereinafter, "ADA"), and the Virginians with Disabilities Act, Va. Code Ann. § 51.5-44 based on CFA's denial of public accommodations to Ms. Osei.

## PARTIES, JUR ISDICTION, AND VENUE

5. Ms. Osei is a resident of Fairfax, Virginia

6. She is a qualified individual with a disability under the ADA as she suffers from anxiety and relies on her service animal for assistance in public settings.

7. Ms. Osei's anxiety affects her major life activities of being in public and navigating public spaces.

8. Defendant CFA operates a retail establishment for the purpose of selling food. CFA is a private entity that owns, leases, or operates a place of public accommodation, the Chick-Fil-A location at 9509 Fairfax Blvd, Fairfax, Virginia 22031.

9. This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events described in this action took place within this judicial district.

## FACTS

11. On or about December 3, 2024, Ms. Osei visited CFA with her service dog, Fufu, to purchase food.

12. Ms. Osei entered the store with Fufu.

13. Ms. Osei's service animal is specifically trained for public access and performs tasks that assist her in managing her condition.

14. The service animal remained under Ms. Osei's control at all times and did not act in a disruptive or inappropriate manner during the visit.

15. When Fufu is working or "on duty," he is trained to always remain under Ms. Osei's control in a variety of different environments and in a manner that is unobtrusive to the public.

16. While waiting to be served, the manager on duty asked Ms. Osei whether her dog was a service animal and what specific tasks he performed.

17. These are the only two questions permitted under Title III of the ADA, permits employees to ask only: (1) Is the animal a service animal required because of a disability; and (2) What task(s) is the animal trained to perform?

18. Ms. Osei explained that her service animal assists her in managing anxiety.

19. In response, the manager insisted that her service animal did not "qualify" as a service animal and stated that <u>emotional support animals</u> were not permitted.

20. Fufu is not an emotional support animal; Fufu is a service dog.

21. Title III of the ADA permits employees to ask only two questions regarding service animals: (1) Is the animal a service animal required because of a disability; and (2) What task(s) is the animal trained to perform?

22. The manager further requested documentation of the service animal, a demand that is expressly prohibited under federal law.

23. Following her refusal to respond to the manager's illegal demand, Ms. Osei was asked to leave the restaurant.

## COUNT I
## Violation of Title III of the Americans with Disabilities Act

24. The preceding paragraphs are incorporated by reference as if fully re-stated herein.

25. Ms. Osei is a qualified individual with a disability within the meaning of Title III of the ADA.

26. "Service animal" is defined as any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability. 28 C.F.R. § 36.104.

27. The work done by Fufu is directly related to Ms. Osei´s disability. Fufu assists Ms. Osei with her anxiety, enabling her to visit and navigate public spaces.

28. CFA is a place of public accommodation as a "restaurant, bar, or other establishment serving food or drink." 28 C.F.R. § 36.104.

29. CFA violated the law when it sought information beyond the two inquiries legally allowed to determine whether an animal qualifies as a service animal. 28 C.F.R. § 36.136(f).

30. CFA engaged in prohibited activity, and, therefore, violated the law when it required documentation, such as proof that the animal has been certified, trained, or licensed as a service animal. 28 C.F.R. § 36.136(f); 28 C.F.R. § 36.201(a).

31. A service animal must remain in the control of its handler. 28 C.F.R. § 36.136(f).

32. Ms. Osei, as Fufu's handler, kept him under control at all relevant times.

33. In demanding that Ms. Osei leave CFA with Fufu, CFA discriminated against Ms. Osei by failing to accommodate her disability when such accommodations were necessary for Ms. Osei to access the goods, services, privileges, and advantages of purchasing food and eating at CFA. 28 C.F.R. § 36.201(a).

34. CFA failed to make reasonable modifications to accommodate Ms. Osei's disability which would not alter the nature of the services it provides.

35. As a result of CFA's actions, Ms. Osei seeks equitable, declaratory, and injunctive relief.

## COUNT II
### Violation of the Virginians with Disabilities Act § 51.5-44

36. The preceding paragraphs are incorporated by reference as if fully re-stated herein.

37. Ms. Osei is a person with a disability as defined in the Virginians with Disabilities Act ("VDA").

38. The VDA requires places of public accommodation to provide a "person with a disability . . . full and equal accommodations, advantages, facilities, and privileges of all . . . places of public accommodation . . . to which the general public is invited. Va. Code § 51.5-44(B).

39. In demanding that Ms. Osei leave CFA with Fufu, CFA discriminated against Ms. Osei by failing to accommodate her disability when such accommodations were necessary for Ms. Osei to access the goods, services, privileges, and advantages of purchasing food and eating at CFA, as prohibited by the VDA.

## **PRAYER FOR RELIEF**

WHEREFORE, MERCY-NORA OSEI, requests that this Court enter judgment in her favor, and against Defendant BURTALOO, LLC, and:

(a) As to Count I,

    a. A permanent injunction pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, requiring Defendant take the steps necessary to ensure its employees do not unlawfully refuse service to individuals with service animals; and in addition

(b) As to Count II,

    a. A permanent injunction pursuant to Va. Code Ann. § 51.5046 requiring Defendant take the steps necessary to ensure its employees do not unlawfully refuse service to individuals with service animals;

    b. Award Plaintiff compensatory damages on the above-stated Count II in an amount to be determined at trial; and in addition

(c) Award Plaintiff attorneys' fees, expert fees, and costs of this action as may be permitted by law; and in addition

(d) Award Plaintiff such other further relief as may be appropriate.

## **JURY DEMAND**

**PLAINTIFF MERCY-NORA OSEI DEMANDS A TRIAL BY JURY.**

Dated:    May 22, 2025                              Respectfully,

                                                     /s/
Joshua Erlich, VA Bar No. 81298
Katherine L. Herrmann, VA Bar No. 83203
THE ERLICH LAW OFFICE, PLLC
1550 Wilson Blvd., Ste. 700
Arlington, VA  22209
Tel:    (703) 791-9087
Fax:   (703) 722-8114
Email: jerlich@erlichlawoffice.com
         kherrmann@erlichlawoffice.com